(Cuyahoga County, Court of Common Pleas.)

HUGH F. CAVANAUGH, on His Own Behalf, etc., v. THE CITY OF CLEVELAND, ET AL.

---

*Midnight Closing Ordinance.*

An injunction will not be granted to restrain the officers from enforcing the law, on the mere theory that some one questions the validity of such law or ordinance. Before a writ of injunction can issue the law or ordinance should have been declared invalid by some court, or be so apparently invalid that to seek to enforce it would be an oppressive act.

---

DISSETTE, J.

This is a petition filed by the plaintiff on his own behalf and on behalf of others similarly situated, whose names, he says, are too numerous to join as plaintiffs—praying for an injunction against the defendant, the City of Cleveland, to prevent it from the enforcement of an ordinance known as "The Midnight Closing Ordinance", an ordinance which provides for the regulation of ale, beer and porter houses and other places where intoxicating liquors are sold at retail; its purpose being to close such places between twelve o'clock at night and five o'clock A. M., standard time.

Without either reciting the ordinance in full or giving in detail the allegations of the petition in which the plaintiff claims that he is engaged in other business besides the business of trafficking in intoxicating liquors at his place on Superior street, and that this will greatly inconvenience the other branches of his business and the other uses to which the premises are put —he says that immediately after the passage of the ordinance he was arrested and charged with a violation of the same, and that said action is still pending in the police court; that the defendant, by its officers and agents, have threatened to arrest him each time the provisions of this ordinance were violated; that numerous other parties have been arrested, and are threatened with arrest. He says that the ordinance is illegal, unreasonable, oppressive and void; that the same is in the nature of special and class legislation, is an unwarranted and illegal interference with the property rights of the plaintiff; that the city of Cleveland had no right or authority, under the constitution or laws of the state of Ohio, to pass the same; that the same is in direct conflict with the laws of said state, conferring powers upon municipal corporations to regulate ale, beer and porter houses and other places where intoxicating liquors are sold at retail; and that said ordinance exceeds said powers; and he prays that a temporary injunction issue against said defendants and each of them, their agents and officers, from the enforcing of said ordinance, from arresting or prosecuting this plaintiff under the provisions of said ordinance, and that

upon the final hearing of the case, said defendants, their agents or officers, may be enjoined from enforcing said ordinance, and that the same may be declared illegal and void, and for such other and further relief as to the court may seem just and equitable in the premises.

To the petition the city of Cleveland has filed its demurrer, stating two grounds:

First, that said petition does not state facts sufficient in law to constitute a cause of action; and

Second, that the court has no jurisdiction of the subject-matter of the action.

The last objection named by the defendant, is the first in logical order that should be considered by the court, as it raises the question of the court's jurisdiction.

The question of the validity of the ordinance was discussed by counsel for each side in their arguments to the court; but, for the purposes of this decision, the question of the court's jurisdiction is the only one that will be passed upon.

There is no question at all that the plaintiff in this action has an adequate remedy at law, and that in the case which he alleges in his petition is now pending in the police court in which he is defendant, the question of the validity of this ordinance can be raised as a matter of defense, and this court would have no right to anticipate the judgment of the police court in that matter.

It would be an improper use of the writ of injunction, I think, to restrain the officers of the court from doing their duty in enforcing the laws, on the mere theory that some one questions the validity of the law or ordinance sought to be enforced; and I think in no case my attention has been called to, have I found that the court have gone so far as to say that this would be a proper use of the writ of injunction, unless the law or ordinance, as the case might be, should first have been declared void or be so apparently illegal as to leave no question as to its validity. In the latter case, a court of equity might be justified in issuing a restraining order, but the doctrine in Ohio, I think, is well established that before a writ of injunction should issue the law or ordinance should have been declared invalid by some court, or be so apparently invalid that to seek to enforce it would be an oppressive act.

In the case of Arnold and others against the village of Van Wert, decided by the circuit court of that county, and found in the third Circuit Court Reports, page 545, we have a case very similar to the one at bar.

The village of Van Wert not only undertook to regulate but to prohibit places where intoxicating liquors were sold at retail, and an injunction was granted to restrain the officers from enforcing the ordinance. The circuit court dissolved the injunction and Judge Morse says: "A court of equity will not enjoin a municipal corporation, its mayor or marshall, from enforcing an ordinance prohibiting the sale of intoxicating liquors within the corporation upon the grounds of the illegality of such ordinance until the right of the complainant is established at law." And further, "If the ordinance is held to be invalid at law, we can hardly assume that the mayor would entertain jurisdiction of prosecutions under it, but would bow with cheerful obedience to the rulings of the higher court. If he failed to do so, equity could be resorted to, to avoid a multiplicity of suits and the expense and annoyance attending them." And then quoting from High on Injunctions, he goes on to say: "It necessarily follows from the doctrines above stated and illustrated, that when the municipal ordinances have been enacted by the proper authority, proceedings on the part of the municipal officers for their enforcement as by suits, arrests or fines, will not be enjoined merely because of the alleged illegality of the ordinance, or for the purpose of awaiting a determination of the question of their validity, when the person aggrieved may have a full and adequate remedy at law."

Holding, then, that the court has no jurisdiction to grant an injunction until the right of the plaintiff is es-

tablished at law, we refrain from passing upon the question of the legality of the ordinance at this time, and the entry will be: restraining order dissolved and the petition of plaintiff dismissed:   Judgment for plaintiff on demurrer.